# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40987
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO RENTERIA-RIVERA, also known as Ricky,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-804-6

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ricardo Renteria-Rivera appeals the sentence imposed following his guilty plea for conspiracy to commit hostage taking. He argues that the district court erred in applying the two-level enhancement under U.S.S.G. § 3A1.1(b) based on its finding that the offense involved vulnerable victims. He asserts that the kidnapping Guidelines provision, Section 2A4.1(b)(4), considers the victims' status as illegal aliens when determining the base offense level by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cross-referencing the offense Guideline that resulted in the victims' kidnapping.  The cross-referenced provision is used to determine the base offense level if it is greater than the base offense level under Section 2A4.1.

Although the parties dispute the appropriate standard of review, we need not resolve this issue because, even under a *de novo* standard of review, Renteria-Rivera has not shown that the district court erred in applying this enhancement.  Renteria-Rivera's reliance on *United States v. Angeles-Mendoza*, 407 F.3d 742, 747–48 (5th Cir. 2005), is misplaced as the defendant in that case was convicted of alien smuggling, but Renteria-Rivera was convicted of conspiracy to commit hostage taking.  The district court calculated his offense level under Section 2A4.1(a) and did not apply the cross-reference in Section 2A4.1(b)(7).  The district court found that the Section 3A1.1(b) enhancement was applicable based on the following circumstances: the illegal aliens were forcibly taken at gunpoint from one stash house to another and held for several days; they were then moved to Renteria-Rivera's stash house and again held for several days; the captors made separate ransom demands at each stash house under threats of injury or death; and the aliens were desperate to be released and alerted law enforcement officers as soon as possible.  Because the district court did not take the victims' illegal status into account when calculating Renteria-Rivera's base level offense and because the defendants took advantage of the aliens' illegal status to demand a ransom for their release upon threat of injury or death, the district court's application of the vulnerable victim enhancement was not clear error as it was plausible in light of the record as a whole.  *See United States v. Cedillo-Narvaez*, 761 F.3d 397, 403–04 (5th Cir. 2014).

AFFIRMED.